FAWN LAKE APARTMENTS, APPELLANT, *v.* CUYAHOGA COUNTY BOARD OF
REVISION; OLMSTED FALLS BOARD OF EDUCATION, APPELLEE.

[Cite as *Fawn Lake Apts. v. Cuyahoga Cty. Bd.
of Revision* (1996), 75 Ohio St.3d 601.]

(No. 95–1151—Submitted February 1, 1996—Decided June 19, 1996.)

*Fred Siegal Co., L.P.A.*, and *Annrita S. Johnson*, for appellant.

*Kolick & Kondzer, Daniel J. Kolick* and *John P. Desimone*, for appellee.

*Per Curiam.* Fawn Lake contends that the BTA should have deducted a reserve for replacements, employed a capitalization rate that reflected current returns on mortgages and equities, and agreed with its appraisal testimony. However, we disagree and affirm the BTA's decision.

In *Freshwater v. Belmont Cty. Bd. of Revision* (1991), 58 Ohio St.3d 140, 568 N.E.2d 1215, we held that a reserve for replacements was a proper item to consider in valuing real property. However, we did not mandate that such a reserve be accounted for in all cases. Here, the BTA, essentially, found that the actual expenses of the property, which Kocinski followed closely, contained a reserve for replacements. Thus, it chose not to deduct further amounts for replacements.

Kocinski's testimony supports this conclusion. He testified that Fawn Lake did not set aside a replacements reserve, but capitalized replacement items as it needed them. Since this testimony supports the BTA's finding of fact, we affirm. *Hawthorn Mellody, Inc. v. Lindley* (1981), 65 Ohio St.2d 47, 19 O.O.3d 234, 417 N.E.2d 1257, syllabus.

As to the capitalization rate, the BTA criticized Kocinski's rate as unsupported. Again, the evidence, the survey of life insurance companies' mortgage commitments, supports Canitia's capitalization rate selection. As to Canitia's obtaining the rate from an annual survey rather than a quarterly study completed near the tax lien date, the BTA "may consider pre- and post-tax lien date factors that affect the true value of the taxpayer's property on the tax lien date." *Youngs-*

*town Sheet & Tube Co. v. Mahoning Cty. Bd. of Revision* (1981), 66 Ohio St.2d 398, 20 O.O.3d 349, 422 N.E.2d 846, paragraph two of the syllabus.

Finally, as to Fawn Lake's claim that its evidence better evaluated the property than the BOE's evidence, we do not find that the BTA abused its discretion in believing the testimony that it did. *Wolf v. Cuyahoga Cty. Bd. of Revision* (1984), 11 Ohio St.3d 205, 11 OBR 523, 465 N.E.2d 50. This weighing of evidence and granting of credibility is exactly the BTA's statutory job.

Accordingly, we affirm the decision of the BTA because it is reasonable and lawful.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

WRIGHT, J., not participating.