EOP–BP Tower, L.L.C., Appellee, *v.* Cuyahoga County Board
of Revision et al., Appellees; Cleveland Municipal
School District Board of Education, Appellant.

[Cite as *EOP–BP Tower, L.L.C. v. Cuyahoga Cty. Bd.
of Revision,* 106 Ohio St.3d 1, 2005-Ohio-3096.]

(No. 2003–1229—Submitted April 12, 2005—Decided July 6, 2005.)

Alice Robie Resnick, J.

{¶ 1} The Cleveland Municipal School District Board of Education ("BOE"), appellant, contends that the Board of Tax Appeals ("BTA") did not base its decision in this case on the evidence before it. We disagree and affirm the decision of the BTA.

{¶ 2} The property in question is the BP Tower located on Public Square in Cleveland. The Tower is a 41–story granite-faced building containing 1,242,144 square feet of rentable office and retail space. The Tower was completed in 1985 by the Standard Oil of Ohio Company, which had intended to use the building as its headquarters. However, in 1987 Standard Oil of Ohio was purchased by British Petroleum. After the purchase by British Petroleum, Standard Oil of Ohio Company's need for office space declined, and the Tower became a multitenant facility.

{¶ 3} For tax year 1997, the Cuyahoga County Auditor valued the Tower at $144,000,000. The owner of the Tower, EOP–BP Tower, L.L.C. ("EOP"), filed a real-property-valuation complaint with the Cuyahoga County Board of Revision, alleging that the true value of the Tower should be $113,217,510. In response to the owner's valuation complaint, the BOE filed a countercomplaint alleging that the value should remain at the $144,000,000 value determined by the auditor.

{¶ 4} After a hearing, the Cuyahoga County Board of Revision affirmed the auditor's value of $144,000,000. EOP appealed to the Board of Tax Appeals, which determined that the Tower should be valued at $117,800,000. The BOE filed an appeal as of right with this court.

{¶ 5} R.C. 5717.03(B) provides that for appeals to the BTA from a county board of revision, "the board of tax appeals shall determine the taxable value of

the property whose valuation * * * by the county board of revision is complained of." Thus, the purpose of the hearing before the BTA is to determine the value of the property on the tax-lien date. When real-property valuation cases are appealed from a board of revision to the BTA, the burden is on the appellant to prove his or her right to an increase or decrease in the value determined by the board of revision. *Cleveland Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision* (1994), 68 Ohio St.3d 336, 626 N.E.2d 933.

{¶ 6} In order to meet that burden, the appellant must come forward and demonstrate that the value it advocates is a correct value. Once competent and probative evidence of value is presented by the appellant, the appellee who opposes that valuation has the opportunity to challenge it through cross-examination or by evidence of another value. *Springfield Local Bd. of Edn. v. Summit Cty. Bd. of Revision* (1994), 68 Ohio St.3d 493, 628 N.E.2d 1365. The appellee also has a choice to do nothing. However, the appellant is not entitled to the valuation claimed merely because no evidence is adduced opposing that claim. *W. Industries, Inc. v. Hamilton Cty. Bd. of Revision* (1960), 170 Ohio St. 340, 342, 10 O.O.2d 427, 164 N.E.2d 741.

{¶ 7} In this case, a multiday hearing was held before the BTA, at which each side presented the testimony and written appraisals of an MAI (Member of the Appraisal Institute) appraiser. Each appraiser used essentially the same information; however, they reached significantly different valuations. EOP's appraiser, Roger Ritley, appraised the Tower at $116,700,000, after certain deductions. The BOE's appraiser, Richard Racek, appraised the Tower at $142,200,000.

{¶ 8} The BOE does not contend that the appraisal it presented was the correct valuation. Instead, it attacks the BTA's acceptance of Ritley's appraisal and contends that the BTA failed to base its decision on the evidence before it and that the BTA's acceptance of Ritley's market-rent estimates was not supported by any evidence.

{¶ 9} The weighing of evidence and the assessment of credibility as regards both of the appraisals are the statutory job of the BTA. *Fawn Lake Apts. v. Cuyahoga Cty. Bd. of Revision* (1996), 75 Ohio St.3d 601, 603, 665 N.E.2d 194. When it reviews appraisals, the BTA is vested with wide discretion in determining the weight to be given to the evidence and the credibility of the witnesses that come before it. *Cardinal Fed. S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision* (1975), 44 Ohio St.2d 13, 73 O.O.2d 83, 336 N.E.2d 433, paragraph three of the syllabus. This court determined in *R.R.Z. Assoc. v. Cuyahoga Cty. Bd. of Revision* (1988), 38 Ohio St.3d 198, 201, 527 N.E.2d 874, that "[t]he BTA need not adopt any expert's valuation." The BTA exercised its discretion in this case and accepted the value determined by Ritley using the income approach to valuation, and then added back approximately $1,100,000 in deductions that Ritley had

taken from his valuation. The resulting value determined by the BTA for the Tower was $117,800,000.

{¶ 10} A review of Ritley's testimony and written appraisal presented to the BTA fails to substantiate the BOE's contention that his determination of market rent is not supported by any evidence. In his testimony and appraisal report, Ritley described how he assigned a market rent to each space as he found it. Specifically, in his appraisal report, Ritley explained:

{¶ 11} "We have based our estimate of market rental rates for the vacant office space at the subject on market evidence. The economic rents for the subject's office tenants reflects [sic] an average of $18.75+ per square foot, ranging between $18.00 and $24.00 per square foot for office space and $8.00 to $23.00 per square foot for typical retail space. Our income projection is based on leases executed in the subject building and comparable buildings. Appropriate adjustments for building quality, building location, size of suite, floor, tenant build out allowances, etc. have been considered in estimating economic rent on a per suite basis. Please refer to the following Rent Comparables upon which our estimates of economic rent were based. Our estimate of market rent for the BP America occupied space ($16.00 per square foot) is based upon recent leases of larger space users in this market and after consideration is given to the condition of the space and its location (floors four through eleven) within the building." (Footnote omitted.)

{¶ 12} When asked whether he had looked at market rents, Ritley answered, "Yes."

{¶ 13} Although he looked at asking rents, Ritley also explained that there is a difference between asking rents and actual rents. As explained above, Ritley did not use a uniform rental amount for each space. The rental amounts varied based on the factors he described. To arrive at his appraised value using the income approach, Ritley took the gross rental income for all the office space, plus all the retail space, plus other income and then deducted expenses. Ritley capitalized the net income to arrive at his appraised value (before he made the deductions that were disallowed by the BTA). Thus, there is evidence in the record to support the estimated market rents that were the basis for the value determined by Ritley and accepted by the BTA.

{¶ 14} The BOE has also asserted that the BTA abused its discretion. Absent a showing of an abuse of discretion, the BTA's determination as to the credibility of witnesses and the weight to be given to their testimony will not be reversed by this court. *Witt Co. v. Hamilton Cty. Bd. of Revision* (1991), 61 Ohio St.3d 155, 157, 573 N.E.2d 661. An assertion of an abuse of discretion by the BTA connotes more than an error of law or judgment. It implies that the BTA's attitude was unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d

4

151, 157, 16 O.O.3d 169, 404 N.E.2d 144. However, the BOE fails to explain how the BTA's attitude was unreasonable, arbitrary, or unconscionable.

{¶ 15} The BOE asserts as its final contention that the BTA failed to state the basis for its decision. Again we disagree. The BTA clearly stated after it reviewed the evidence, "[W]e find Mr. Ritley's opinion of value, in general, to be better supported by the evidence before this board." In addition, although the BTA found no support for certain deductions made by Ritley, it explicitly approved other aspects of his valuation: "[W]e find Mr. Ritley's market income and market expenses reasonable, and accept his capitalization rate."

{¶ 16} The BTA further found, "Mr. Ritley's capitalized value under the income approach of the office building of $117,800,000 (rounded) is both competent and probative of value." Clearly, the BTA accepted Ritley's valuation on its merits; it did not accept it merely by a process of elimination as alleged by the BOE. Ritley's testimony and appraisal report set forth in detail how he arrived at his valuation. The BTA considered the appraisals of both Ritley and Racek and accepted the result of Ritley's appraisal. The BTA performed its statutory job, and based on Ritley's appraisal, it determined the value of the Tower.

{¶ 17} The BOE asks in essence that this court reevaluate the evidence considered by the BTA. This court, however, is not a super BTA or a trier of fact de novo. *Youngstown Sheet & Tube Co. v. Mahoning Cty. Bd. of Revision* (1981), 66 Ohio St.2d 398, 400, 20 O.O.3d 349, 422 N.E.2d 846. "The fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities, and this court will not disturb a decision of the Board of Tax Appeals with respect to such valuation unless it affirmatively appears from the record that such decision is unreasonable or unlawful." *Cuyahoga Cty. Bd. of Revision v. Fodor* (1968), 15 Ohio St.2d 52, 44 O.O.2d 30, 239 N.E.2d 25, syllabus.

{¶ 18} For all the foregoing reasons, we hold that the decision of the BTA is neither unreasonable nor unlawful, and we therefore affirm it.

Decision affirmed.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Siegel, Siegel, Johnson & Jennings Co., L.P.A., Annrita S. Johnson, and J. Kieran Jennings, for appellee EOP–BP Tower, L.L.C.

James H. Hewitt Co., L.P.A., and James H. Hewitt III, for appellant.