O’Donnell, J.,
dissenting.
{¶ 32} I respectfully dissent.
{¶ 33} It is difficult to comprehend how a vendor markdown allowance on merchandise delivered to a store for retail sale does not reduce the inventory cost of that merchandise, and thus that reduced inventory cost should be recognized for purposes of assessing personal property tax. Every company assesses a certain cost to its inventory; when, at some point subsequent to that assessment the retailer is afforded a markdown allowance on the inventory, retailers treat that as a reduction in the cost of inventory.
{¶ 34} In R.H. Macy Co., Inc. v. Schneider (1964), 176 Ohio St. 94, 96, 26 O.O.2d 440, 197 N.E.2d 807, we stated that “[t]he assessment of personal property requires the assessor to consider the book value as stated by the taxpayer, together with other statements of the taxpayer and other available *23 evidence, and apply the applicable rules of valuation to arrive at the ultimate goal of the assessment, a determination of the true value of the property.”
{¶ 35} With respect to merchandise in inventory, Ohio Adm.Code 5703-3-17 (“Administrative Rule 17”) provides, “The true ‘average inventory value of merchandise’ to be estimated for taxation shall prima facie be the ‘average inventory value’ at cost as disclosed by the books of the taxpayer, after making proper adjustments for cash discounts and merchandise shrinkage, less the aggregate net markdowns, at cost, * * * which are reflected on the books of the taxpayer for the succeeding three months following the close of the annual accounting period of the current tax year.”
{¶ 36} As stated by the Board of Tax Appeals, “Once cost is determined on the books of the taxpayer, [Administrative Rule 17] permits additional adjustments for cash discounts, merchandise shrinkage and net markdowns. These adjustments are made only after the cost of the inventory is determined. As we have previously discussed, cost, as disclosed on Rich’s books, includes [markdown allowances].” Rich’s Dept. Stores, Inc. v. Wilkins (Feb. 3, 2009), BTA No. 2005-T-1609, at 11, 2009 WL 294413.
{¶ 37} The board found, “Here, Rich’s provided through numerous witnesses and documents evidence indicating the amount of MDAs applied, how the MDAs are tracked through its accounts payable system, how the MDAs are applied to reduce cost, how that reduction in cost is shown on its profit and loss statements, and how margin is tracked on Rich’s ledgers. Various documents have been submitted showing both the MDA information and its impact on cost.” Id. at 14-15.
{¶ 38} After considering the foregoing evidence and other evidence that was competent and probative, including expert witness testimony in support of the Tax Commissioner, the board held that markdown allowances “are indeed a reduction in inventory cost” and that subtracting such allowances from inventory value constituted a valid adjustment in arriving at the prima facie book value of inventory pursuant to Administrative Rule 17. Id. at 8, 11. Consequently, the board ordered the Tax Commissioner to grant Rich’s requested claim for a reduction in its 2000, 2001, and 2002 inventory value.
{¶ 39} This is compelling analysis in my view. “ ‘The fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities, and this court will not disturb a decision of the Board of Tax Appeals with respect to such valuation unless it affirmatively appears from the record that such decision is unreasonable and unlawful.’” EOP-BP Tower, L.L.C. v. Cuyahoga Cty. Bd. of Revision, 106 Ohio St.3d 1, 2005-Ohio-3096, 829 N.E.2d 686, ¶ 17, quoting Cuyahoga Bd. of Revision v. Fodor (1968), 15 Ohio St.2d 52, 44 O.O.2d 30, 239 N.E.2d 25, syllabus. *24 Accordingly, I respectfully dissent and would affirm the decision of the Board of Tax Appeals in this instance.
Bricker & Eckler, L.L.P., and Mark A. Engel, for appellee.
Richard Cordray, Attorney General, and Barton A. Hubbard, Assistant Attorney General, for appellant.
Pfeifer and Lundberg Stratton, JJ., concur in the foregoing opinion.