Lanzinger, J.,
dissenting.
{¶ 33} I agree with the portion of the majority opinion that holds that Apple Group failed to preserve the argument that sale prices ought to have been used to value three of the 13 unbuilt lots at issue. But I dissent from the judgment setting aside the BTA’s determination of value and ordering a new valuation.
{¶ 34} In our review of valuations, we are to defer to the BTA in its role as the finder of fact:
The fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities, and this court will not disturb a decision of the Board of Tax Appeals with respect to such valuation unless it affirmatively appears from the record that such decision is unreasonable or unlawful.
Cuyahoga Cty. Bd. of Revision v. Fodor, 15 Ohio St.2d 52, 239 N.E.2d 25 (1968), syllabus. Weighing of the evidence and the assessment of credibility regarding appraisals are “the statutory job of the BTA.” EOP-BP Tower, L.L.C. v. Cuyahoga Cty. Bd. of Revision, 106 Ohio St.3d 1, 2005-Ohio-3096, 829 N.E.2d 686, ¶ 9, citing Fawn Lake Apts. v. Cuyahoga Cty. Bd. of Revision, 75 Ohio St.3d 601, 603, 665 N.E.2d 194 (1996). Consequently, the BTA “is not required to adopt the valuation fixed by any expert or witness” but instead possesses “wide discretion in determining the weight to be given to evidence and the credibility of the witnesses.” Cardinal Fed. S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision, 44 Ohio St.2d 13, 336 N.E.2d 433 (1975), paragraphs two and three of the syllabus.
{¶ 35} Given the BTA’s role as fact-finder, we have held that “[ajbsent a showing of an abuse of discretion, the BTA’s determination as to the credibility of witnesses and the weight to be given to their testimony will not be reversed by *443 this court.” EOP-BP Tower, ¶ 14. To prove an abuse of discretion by the BTA, a party must show that “the BTA’s attitude was unreasonable, arbitrary, or unconscionable.” Id.; see also Olmsted Falls Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision, 122 Ohio St.3d 134, 2009-Ohio-2461, 909 N.E.2d 597, ¶ 26. And finally, “our case law establishes that we will reverse BTA findings only when there is a total absence of evidence to support a particular finding.” HealthSouth Corp. v. Testa, 132 Ohio St.3d 55, 2012-Ohio-1871, 969 N.E.2d 232, ¶ 14.
{¶ 36} Turning to the BTA’s decision and the record in this case, I conclude that there is no basis in our precedent for setting aside the BTA’s factual determinations either on total lack of evidence or for an abuse of discretion.
{¶ 37} The BTA explained why it decided not to accord great weight to the comparable-sales appraisal that it was given. First, although the appraisal showed a market decline over time for the properties under discussion, that decline was not documented until the third quarter of 2009 and did not prove the recommended lower valuation as of January 1, 2008. Second, the appraisal did not consider comparability of the sales in other subdivisions or the need for adjustments. Third, a pair of sales from the Trophy Club, one before and one after the 2008 lien date, indicated that the subdivision held its value in 2008.
{¶ 38} In my view, these circumstances do not show either a total lack of evidence or an abuse of discretion. I would thus defer to the BTA as the finder of fact and affirm its decision.
{¶ 39} Nonetheless, the majority determines that the BTA’s valuation should be set aside and another valuation performed because the scant evidence presented negates the auditor’s valuation. To do this, the majority relies on cases that have circumstances not present here. Dayton-Montgomery Cty. Port Auth. v. Montgomery Cty. Bd. of Revision, 113 Ohio St.3d 281, 2007-Ohio-1948, 865 N.E.2d 22, ¶ 22-30, as restated in Colonial Village Ltd. v. Washington Cty. Bd. of Revision, 123 Ohio St.3d 268, 2009-Ohio-4975, 915 N.E.2d 1196, ¶ 24, 26.
{¶ 40} In Dayton, evidence of actual cost corroborated the county’s cost schedules but simultaneously negated the grade-factor adjustment that the county had applied. We could not affirm the BTA’s decision to revert to the auditor’s valuation, because it included the unsupported grade-factor adjustment. I joined the majority opinion there because the case presented unusual circumstances.
{¶ 41} Another unusual circumstance was presented in Colonial Village Ltd. v. Washington Cty. Bd. of Revision, 114 Ohio St.3d 493, 2007-Ohio-4641, 873 N.E.2d 298: the property record card revealed an approach to valuing subsidized housing that was disapproved by case law. Id. at ¶ 19-21. In light of that legal error, id. at ¶ 19, the BTA had the “duty to undertake an independent valuation of the property.” Id. at ¶ 24. See also Sapina v. Cuyahoga Cty. Bd. of Revision, 136 *444 Ohio St.3d 188, 2013-Ohio-3028, 992 N.E.2d 1117, ¶ 27, 36 (presumption favoring use of allocated sale price, together with plausible evidence of a proper allocation, justified finding a modified value of the property).
Karen H. Bauernschmidt Co., L.P.A., Karen H. Bauernschmidt, Charles J. Bauernschmidt, and' Stephen M. Nowak, for appellant.
Dean Holman, Medina County Prosecuting Attorney, and Nathan E. Carnes, Assistant Prosecuting Attorney, for appellees, Medina County Auditor and Medina County Board of Revision.
{¶ 42} Here, however, the only evidence that would negate the county’s valuation is the very appraisal to which the BTA had decided to accord little weight. The BTA rejected it for the reasons explained. In reversing the BTA and ordering a new valuation, the majority has converted a modest exception to the rule of deference into a sweeping license for the court to substitute its own judgment regarding the evidence. This approach does nothing other than second-guess the BTA’s determination as a finder of fact and make us a super BTA, contrary to precedent. See Strongsville Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision, 112 Ohio St.3d 309, 2007-Ohio-6, 859 N.E.2d 540, ¶ 22, quoting DAK, PLL v . Franklin Cty. Bd. of Revision, 105 Ohio St.3d 84, 2005-Ohio-573, 822 N.E.2d 790, ¶ 16 (“We will defer to the BTA’s choice of appraisal” because “[i]n reviewing the BTA’s disposition of the factual issues in a property valuation case, ‘[t]his court does not sit either as a super BTA or as a trier of fact de novo’ ”).
{¶ 43} The majority’s refusal to defer to the BTA’s fact-finding also leads it to modify the longstanding holding of Wolf v. Cuyahoga Cty. Bd. of Revision, 11 Ohio St.3d 205, 208, 465 N.E.2d 50 (1984), that “[t]he BTA is under no obligation to render separate determinations of fair market value for succeeding years.” Because the BTA now has been ordered to perform an independent determination of value for tax year 2008, and because the BTA’s decision carried the 2008 value over to 2009, the majority has ordered an independent valuation for 2009 as well. In this respect, the correct approach would also have been the simpler one: exercise proper deference to the BTA’s determination for 2008 and then defer to the BTA’s discretion to carry that value forward to tax year 2009.
{¶ 44} For these reasons, I respectfully dissent from the majority’s decision to reverse and remand.
O’Connor, C.J., and French, J., concur in the foregoing opinion.