Kennedy, J., dissenting.
{¶ 39} Because the majority's conclusion is based on speculation and possibility rather than a determination that it affirmatively appears from the record that the decision of the Board of Tax Appeals ("BTA") is unreasonable or unlawful, and because this court should not disturb a value determination of the BTA that is supported by evidence in the record, I dissent and would affirm the BTA's decision in this case.
*473 {¶ 40} At issue in this case is whether the BTA's valuation of property owned by appellants, Lowe's Home Centers, Inc. and Lowe's Home Centers, L.L.C. (collectively, "Lowe's"), is consistent with our holding in Steak 'N Shake, Inc. v. Warren Cty. Bd. of Revision , that in determining the value of an unencumbered parcel of realty, the sale prices of encumbered parcels used as comparables must be adjusted "to remove the effect that long-term leases would have had on those prices." 145 Ohio St.3d 244, 2015-Ohio-4836, 48 N.E.3d 535, ¶ 33. Importantly, the need for adjustment is not a result of any change in the law; rather, "the present property should be valued as if unencumbered by a lease * * * because it was in fact unencumbered by a lease." Lowe's Home Ctrs., Inc. v. Washington Cty. Bd. of Revision , 145 Ohio St.3d 375, 2016-Ohio-372, 49 N.E.3d 1266, ¶ 25. Adjustments *89 are required because encumbrances affect sale price and therefore affect value for tax purposes. Steak 'N Shake at ¶ 36. For example, as we noted in Rite Aid of Ohio, Inc. v. Washington Cty. Bd. of Revision , the rent for a build-to-suit property may incorporate building costs, and that increased rental rate may result in a higher sale price. 146 Ohio St.3d 173, 2016-Ohio-371, 54 N.E.3d 1177, ¶ 21.
{¶ 41} The subject property in this case is not encumbered by a lease; therefore, the sale prices of comparable properties that are subject to leases must be adjusted so that they are similarly valued as if unencumbered. And the county's appraiser, Thomas Sprout, did just that. His appraisal report and testimony indicate that in evaluating comparable properties that were subject to leases, he determined whether the rent for each property was above, below, or at market rate at the time of sale, compared the rent that each comparable property generated to what the subject property could generate, and adjusted each valuation upward or downward.
{¶ 42} Sprout determined that the rents for the five comparable properties were "at market" at the time the properties sold. Then, "adjustments were made to the leased fee interest of those sales versus what [Sprout] determined to be [the value of] the subject property." He opined that comparables two, three, and four had higher rents being paid than the subject property could generate, and those sale prices were "all adjusted downward to reflect the higher rents that those particular * * * buildings were generating." Sprout also adjusted the sale price of comparable one downward to reflect that it was encumbered by a lower rental rate than the subject property could generate, and he adjusted the price of comparable five downward to reflect that it was burdened by a recently negotiated lease.
{¶ 43} Sprout's analysis therefore comports with this court's holding in Steak 'N Shake that the sale price of an encumbered parcel used as a comparable must be adjusted to remove the effect that the lease would have had on that *474 price. The BTA reviewed this evidence and the appraisal presented by Lowe's and found "Sprout's appraisal report to be the most competent and probative evidence of the subject property's value." BTA No. 2014-4606, 2015 WL 11018613, *3 (Dec. 3, 2015).
{¶ 44} The majority acknowledges that "[i]t is possible that a finder of fact might regard Sprout's property-rights-conveyed analysis as competent and probative evidence of value, thereby permitting the conclusion that Sprout's adjustments are in keeping with Steak 'N Shake , Rite Aid , and Lowe's ." Majority opinion at ¶ 28. Or, to put it more plainly, the majority recognizes that there is sufficient evidence in the record to support the BTA's valuation. That conclusion should end the analysis.
{¶ 45} The limited nature of our review is established by R.C. 5717.04, which provides that this court "shall affirm" the decision of the BTA if it is reasonable and lawful, and we must defer to the BTA's factual findings if they are supported by reliable and probative evidence in the record, Warrensville Hts. City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision , 145 Ohio St.3d 115, 2016-Ohio-78, 47 N.E.3d 144, ¶ 16. Accordingly, the fact that a reasonable fact-finder could rely on Sprout's appraisal and testimony as competent and probative evidence of value necessarily means that the BTA's valuation is reasonable and lawful and that its decision should be affirmed.
{¶ 46} Similarly, the majority recognizes that "one might infer that the BTA indirectly evaluated Sprout's property-rights-conveyed *90 analysis" from the BTA's statement that it had found that " 'the adjustments [Sprout] made * * * were appropriate,' " but the majority then rejects that inference based on the BTA's failure to mention our decisions in Steak 'N Shake , Rite Aid , and Lowe's , stating that "[a]ny consideration that the BTA may have given to Sprout's adjustments was therefore not done with an eye toward whether his property-rights-conveyed analysis conformed to that trilogy of decisions." Majority opinion at ¶ 28, quoting 2015 WL 11018613 at *4. The majority's reasoning, however, founders on its own recognition that the BTA did not have the benefit of those decisions at the time it valued the subject property; Steak 'N Shake had only just been decided and Rite Aid and Lowe's had not yet been decided. See majority opinion at ¶ 28. The BTA's failure to mention Steak 'N Shake , Rite Aid , and Lowe's therefore cannot prove that the BTA disregarded all of Sprout's adjustments.
{¶ 47} The majority also faults the BTA for not making clear its understanding that Sprout's comparables had to be adjusted to remove the effects of the leases, stating that it is "questionable whether the BTA regarded the adjustments as necessary at all." Majority opinion at ¶ 29. In doing so, however, the majority shifts the burden to show error from the appellant to the appellee, disregarding the well-established rule that "[w]e 'will not disturb' a valuation determination by *475 the BTA 'unless it affirmatively appears from the record that such decision is unreasonable or unlawful.' " (Emphasis added.) Westerville City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision , 146 Ohio St.3d 412, 2016-Ohio-1506, 57 N.E.3d 1126, ¶ 26, quoting Cuyahoga Cty. Bd. of Revision v. Fodor , 15 Ohio St.2d 52, 239 N.E.2d 25 (1968), syllabus. If it is "questionable" whether the BTA considered Sprout's adjustments in determining a value for the subject property, then Lowe's has failed to meet its burden to affirmatively show on the record that the BTA's valuation is unreasonable or unlawful.
{¶ 48} It is true that the BTA cited Cummins Property Servs., L.L.C. v. Franklin Cty. Bd. of Revision , 117 Ohio St.3d 516, 2008-Ohio-1473, 885 N.E.2d 222, and AEI Net Lease Income & Growth Fund v. Erie Cty. Bd. of Revision , 119 Ohio St.3d 563, 2008-Ohio-5203, 895 N.E.2d 830, for the proposition that "sales of build-to-suit properties subject to long-term leases may be indicative of the value of those properties." 2015 WL 11018613 at *3. But the BTA was addressing the argument that Sprout improperly used first-generation and build-to-suit properties as comparables for an unencumbered, owner-occupied parcel. On appeal here, however, the question is not whether first-generation properties and build-to-suit properties may be used as comparables. In Meijer Stores Ltd. Partnership v. Franklin Cty. Bd. of Revision , 122 Ohio St.3d 447, 2009-Ohio-3479, 912 N.E.2d 560, ¶ 23, we held that they may. Rather, the question is whether the sale price of a comparable property that is encumbered by a lease has been adjusted to indicate the price for which the unencumbered subject property would sell.
{¶ 49} Here, the BTA did not say that encumbered and unencumbered properties can be compared "apples to apples" without adjusting for the value added or lost by leases. Rather, it indicated that "the adjustments [Sprout] made * * * were appropriate." 2015 WL 11018613 at *4. Had the BTA believed that it was not necessary for Sprout to adjust the sale prices of his comparables to account for the effect of leases, presumably it would not have accepted his appraisal, which included those adjustments, as competent and probative evidence of value. But in the absence of *91 evidence to the contrary, a presumption of regularity attaches to the BTA's actions so that we presume that it means what it says. See Toledo v. Levin , 117 Ohio St.3d 373, 2008-Ohio-1119, 884 N.E.2d 31, ¶ 28. We therefore must presume that the BTA reviewed and accepted Sprout's adjustments, as it said it did.
{¶ 50} In the last analysis, the BTA weighed the probative value of two appraisals and found one to be more probative than the other, a decision that "rests within the core of the BTA's competence as fact-finder and deserves the highest degree of deference from this court." Meijer Stores Ltd. Partnership at ¶ 18. "Absent a showing of an abuse of discretion, the BTA's determination as to the credibility of witnesses and the weight to be given to their testimony will not *476 be reversed by this court." EOP-BP Tower, L.L.C. v. Cuyahoga Cty. Bd. of Revision , 106 Ohio St.3d 1, 2005-Ohio-3096, 829 N.E.2d 686, ¶ 14. And because it does not affirmatively appear from the record that the BTA disregarded the adjustments that Sprout swore he made or that the BTA otherwise abused its discretion in weighing the evidence, Lowe's has failed to carry its burden to demonstrate reversible error on appeal.
{¶ 51} Accordingly, I would affirm the decision of the BTA.
Dewine and DeGenaro, JJ., concur in the foregoing opinion.