**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Hilliard City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* **Slip Opinion No. 2018-Ohio-4282.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4282

HILLIARD CITY SCHOOLS BOARD OF EDUCATION, APPELLEE, *v*. FRANKLIN COUNTY BOARD OF REVISION ET AL., APPELLEES; HILLIARD STATION, L.L.C., ET AL., APPELLANTS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Hilliard City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* Slip Opinion No. 2018-Ohio-4282.]**

*Real-property valuation—Special-purpose doctrine—BTA has great discretion in evaluating conflicting appraisals and appraiser credibility—Decision affirmed.*

(No. 2017-0717—Submitted September 11, 2018—Decided October 24, 2018.)

APPEAL from the Board of Tax Appeals, No. 2016-297.

——————————

**Per Curiam.**

{¶ 1} At issue in this case is the 2014 value of a KeyBank branch located in Hilliard. Two appraisals were presented below, one on behalf of the land owner, appellant Hilliard Station, L.L.C., and the building owner, appellant KeyBank

National Association (collectively, "Hilliard Station"), and the other on behalf of appellee Hilliard City Schools Board of Education ("school board"). Appellee Franklin County Board of Revision ("BOR") adopted Hilliard Station's appraisal, and the Board of Tax Appeals ("BTA") adopted the school board's appraisal. Hilliard Station argues that it was legal error for the BTA to rely on the school board's appraisal because of the appraiser's reference to a "special purpose," along with his choice of sale and rent comparables. Hilliard Station also argues that it was legal error for the BTA to rely on the school board's appraisal because that appraisal fails to value the fee-simple estate as if unencumbered, as required by amended R.C. 5713.03. We disagree, and we therefore affirm.

## I. Background

{¶ 2} Hilliard Station, L.L.C. owns the land at issue and KeyBank occupies it under a ground lease, pursuant to which KeyBank pays rent for the land while itself owning the improvements. The auditor valued the subject property at $1,260,000 for 2014. Hilliard Station filed a complaint seeking a decrease to $810,000, and the school board filed a countercomplaint seeking no change from the auditor's value. Hilliard Station presented an appraisal and testimony of Kelly Fried, a certified appraiser, at the BOR hearing, and the BOR adopted Fried's valuation of $625,000.

{¶ 3} The school board appealed to the BTA and, at the BTA hearing, the school board presented an appraisal report and the testimony of Thomas Sprout, a certified appraiser. Sprout opined a value of $1,880,000 for 2014. Fried testified for Hilliard Station and reintroduced her appraisal.

{¶ 4} The BTA adopted the higher value opined by Sprout, and Hilliard Station has appealed.

## II. Analysis

{¶ 5} This appeal presents a "battle of appraisals," both of which purport to opine the value of the fee simple as if unencumbered. The BTA exercised its broad

discretion to determine which appraiser more accurately valued the property. *See EOP-BP Tower, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 1, 2005-Ohio-3096, 829 N.E.2d 686, ¶ 9 ("the BTA is vested with wide discretion in determining" the weight and credibility to be accorded to appraisal evidence). Hilliard Station challenges the BTA's decision by arguing that it is unreasonable or unlawful on two grounds. It is well settled that despite our deference to the BTA on factual issues, we review legal issues de novo. *Lunn v. Lorain Cty. Bd. of Revision*, 149 Ohio St.3d 137, 2016-Ohio-8075, 73 N.E.3d 486, ¶ 13.

**A.      Because Sprout's appraisal does not constitute a use valuation, it was not legal error for the BTA to rely on it**

{¶ 6} Hilliard Station argues that the BTA had to reject Sprout's appraisal as a matter of law because he relied so heavily on bank branches as comparables rather than considering other commercial uses for the property. Hilliard Station argues that the BTA's reliance on Sprout's approach constitutes legal error because it is a valuation in use rather than a market valuation.

{¶ 7} " '[T]he value or true value in money of real property' refers to 'the amount for which that property would sell on the open market by a willing seller to a willing buyer * * *.' " *Terraza 8, L.L.C. v. Franklin Cty. Bd. of Revision*, 150 Ohio St.3d 527, 2017-Ohio-4415, 83 N.E.3d 916, ¶ 8-9, quoting *State ex rel. Park Invest. Co. v. Bd. of Tax Appeals*, 175 Ohio St. 410, 412, 195 N.E.2d 908 (1964). By contrast, a use valuation " 'focuses on the contributory value of real estate to the enterprise of which it is a part, without regard to its highest and best use or the monetary amount that might be realized upon its sale.' " *Meijer, Inc. v. Montgomery Cty. Bd. of Revision*, 75 Ohio St.3d 181, 185, 661 N.E.2d 1056 (1996), quoting American Institute of Real Estate Appraisers, *The Appraisal of Real Estate* 20 (9th Ed.1987); *see also Johnston Coca-Cola Bottling Co., Inc. v. Hamilton Cty. Bd. of Revision*, 149 Ohio St.3d 155, 2017-Ohio-870, 73 N.E.3d 503, ¶ 12-14. The case law has established a limited role for use valuation in the context of "special

purpose" property. *Meijer Stores Ltd. Partnership v. Franklin Cty. Bd. of Revision*, 122 Ohio St.3d 447, 2009-Ohio-3479, 912 N.E.2d 560, ¶ 24.

{¶ 8} Hilliard Station cites Sprout's appraisal, which opines that a definition of "special-purpose property," derived from the Dictionary of Real Estate Appraisal, "would apply to the subject property." At the BTA hearing, Sprout clarified that in his view, two of the three elements of that definition applied: the property at issue has "a unique physical design" in that it is laid out as a branch bank, and it has "a layout that particularly adapts its utility to the use for which it was built."

{¶ 9} We find no merit to the argument that Sprout invoked the special-purpose doctrine articulated by the case law. Our special-purpose case law focuses on a circumstance that Sprout did not attribute to the subject property: that the special adaptation of improvements to the owner's business makes the property less marketable, because other commercial users would find the property less adaptable to their own use of it. *W. Carrollton City Schools Bd. of Edn. v. Montgomery Cty. Bd. of Revision*, 150 Ohio St.3d 215, 2017-Ohio-4328, 80 N.E.3d 484, ¶ 17. Here as in *W. Carrollton City Schools*, neither appraiser found an unusual functional or economic obsolescence associated with the special adaptation of the subject property. *Compare Target Corp. v. Greene Cty. Bd. of Revision*, 122 Ohio St.3d 142, 2009-Ohio-2492, 909 N.E.2d 605, ¶ 4-9, 6-17 (affirming BTA decision adopting an appraisal that did deduct for substantial obsolescence due to special adaptation of the building) *with Meijer Stores Ltd. Partnership*, 122 Ohio St.3d 447, 2009-Ohio-3479, 912 N.E.2d 560, ¶ 7-13, 15-16, 24-25, 28 (affirming BTA's adoption of appraisal that did not deduct for substantial obsolescence because of the property's location and improvements).

{¶ 10} Instead of implicating the special-purpose doctrine, this case resembles *Johnston Coca-Cola Bottling Co.*, 149 Ohio St.3d 155, 2017-Ohio-870, 73 N.E.3d 503. In *Johnston*, we distinguished the special-purpose situation from

4

the more ordinary situation in which two appraisers arrive at differing opinions of value based on a conventional difference in the selection of comparables. *Id.* at ¶ 16-17. Here, as in *Johnston*, the appraisal relied on by the BTA referenced the present use of the subject property as a branch bank but did so "in the context of deciding which comparables * * * were 'more analogous' " to the subject property, *id.* at ¶ 16, quoting BTA No. 2013-5973, 2014 WL 5148342, at *2 (Sept. 25, 2014). Sprout determined the highest and best use of the property to be its current use as a freestanding commercial building, and he focused on bank buildings, whereas Fried used a broader range of commercial buildings. And here, as in *Johnston*, "[b]ecause the BTA did not adopt a present-use valuation," the special-purpose doctrine is simply not at issue, *id.* at ¶ 17.

## B. The BTA could reasonably rely on Sprout's appraisal as determining the value of the fee-simple estate as if unencumbered

{¶ 11} Hilliard Station additionally argues that by adopting Sprout's appraisal, the BTA failed to value the "fee simple estate, as if unencumbered," as required by amended R.C. 5713.03. *See Terraza 8*, 150 Ohio St.3d 527, 2017-Ohio-4415, 83 N.E.3d 916, ¶ 27 (BTA required to consider appraisal evidence along with sale-price evidence when valuing the unencumbered fee simple).

{¶ 12} More specifically, Hilliard Station contends that although Sprout's appraisal explicitly states that it is valuing the fee-simple estate as if unencumbered, Sprout did not make adequate adjustments to leased comparables or adequately explain his adjustments at the BTA hearing. A review of the BTA decision shows that the board made specific findings on these points.

{¶ 13} The BTA found that Sprout "did consider the leases in place and adjusted those sales to take into consideration any superior or inferior economics associated with the leases, including whether a lease was build-to-suit." BTA No. 2016-297, 2017 WL 1901456, at *4. Regarding Hilliard Station's challenge to Sprout's income approach, the BTA relied primarily on Sprout's explanation that

"to some extent, all leases in this market incorporate costs of construction because a tenant has decided that it is more cost effective to rent rather than to build a new property" and his observation that personal property included in the lease would contribute little to overall value. *Id.* The BTA concluded that "Sprout has considered the effect that components other than the value of the real property may contribute to any build-to-suit lease in his appraisal." *Id.*

**{¶ 14}** Unlike *Terraza 8*, the present case does not involve a conflict between a sale price and an appraiser's opinion of value; instead, this case involves conflicting appraisals and the credibility of an appraiser's testimony, an arena in which the BTA's discretion is at its greatest. *See EOP-BP Tower*, 106 Ohio St.3d 1, 2005-Ohio-3096, 829 N.E.2d 686, ¶ 9. Because Hilliard Station challenges the BTA's findings on the credibility of the appraisal evidence, it has the burden of proving an abuse of discretion by the BTA in the exercise of its quasi-judicial authority, and discharging that burden would require Hilliard Station to show an arbitrary or unconscionable attitude on the BTA's part in evaluating the evidence. *NWD 300, L.L.C. v. Franklin Cty. Bd. of Revision*, 151 Ohio St.3d 193, 2017-Ohio-7579, 87 N.E.3d 199, ¶ 14. Although Hilliard Station addresses why the BTA might have decided to accord less weight to Sprout's testimony, those reasons establish only that the BTA might have exercised its discretion differently—they do not establish that the board abused its discretion. And that is particularly true in light of the fact that the BTA addressed the alleged weak points of Sprout's appraisal at length but then identified those aspects of Fried's appraisal that, in the BTA's judgment as the finder of fact, made it less probative than Sprout's.

**{¶ 15}** We also reject Hilliard Station's objection based on *Steak 'n Shake, Inc. v. Warren Cty. Bd. of Revision*, 145 Ohio St.3d 244, 2015-Ohio-4836, 48 N.E.3d 535, as well as Hilliard Station's citation of the general rule that leased-fee sales should be adjusted, *see Rite Aid of Ohio, Inc. v. Washington Cty. Bd. of Revision*, 146 Ohio St.3d 173, 2016-Ohio-371, 54 N.E.3d 1177, ¶ 18-22. Quite

simply, Sprout did explicitly adjust the leased-fee sales comparables. And although Hilliard Station can fault Sprout's testimony for not being as explanatory or substantive as it would like, it is the BTA's province to weigh the evidence, not ours.

### C.     The BTA decision does not violate the uniformity requirement

{¶ 16} Hilliard Station also contends that the BTA decision violates the requirement that property be valued "by uniform rule." Ohio Constitution, Article XII, Section 2. The alleged violation consists of failing to properly value the property in accordance with statute, with the result that tax must allegedly be paid on going-concern value in addition to real-estate value. This argument consists of nothing more than pinning a constitutional label on the contentions that we have already rejected. And although Hilliard Station mentions the United States Constitution, it specifies no provision that has been violated.

### III.  Conclusion

{¶ 17} For the foregoing reasons, we affirm the decision of the BTA.

Decision affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

————————————

Rich & Gillis Law Group, L.L.C., Mark H. Gillis, Kimberly G. Allison, Karol C. Fox, Richelle L. Thoburn, and Kelley A. Gorrey, for appellee Hilliard City Schools Board of Education.

Vorys, Sater, Seymour & Pease, L.L.P., Karen H. Bauernschmidt, Nicholas M.J. Ray, Heather M. Lutz, and Lauren M. Johnson, for appellants.

————————————