[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Lunn v. Lorain Cty. Bd. of Revision,* Slip Opinion No. 2016-Ohio-8075.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-8075

LUNN ET AL., APPELLEES, *v.* LORAIN COUNTY BOARD OF REVISION ET AL., APPELLANTS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Lunn v. Lorain Cty. Bd. of Revision,* Slip Opinion No. 2016-Ohio-8075.]**

*Taxation—Real-property-valuation—Although property owner satisfied initial burden to show recent arm's-length sale, opposing parties offered rebuttal evidence challenging arm's-length character of purchase and owner offered no evidence to overcome rebuttal evidence—Board of Tax Appeals' decision reversed.*

(No. 2014-1669—Submitted August 30, 2016—Decided December 13, 2016.)

APPEAL from the Board of Tax Appeals, No. 2013-2661.

_____

**Per Curiam.**

{¶ 1} This real-property-valuation case involves a single-family residence in Elyria owned by appellee Betty L. Lunn.  She challenged the Lorain County

auditor's valuation of the property for tax year 2012, alleging that her February 2011 purchase was a recent arm's-length sale that established a lower true value. The Lorain County Board of Revision ("BOR") retained the auditor's valuation, finding that she had provided insufficient evidence of the sale. The Board of Tax Appeals ("BTA") reversed and valued the property according to the sale price. The auditor and BOR (collectively, "the county") jointly appealed to this court.

{¶ 2} The county first argues that Lunn, who did not appear at the BOR hearing, failed to meet her burden of proof with competent and probative evidence of an arm's-length sale. We reject this argument in view of the evidence Lunn gave the BOR and the absence of any dispute concerning her purchase. We hold that the BTA acted reasonably and lawfully when it found that Lunn satisfied her initial burden to show a recent arm's-length sale under former R.C. 5713.03, Am.Sub.H.B. No. 260, 140 Ohio Laws, Part II, 2665, 2722.[1]

{¶ 3} The county also argues that even if Lunn met her initial burden, it rebutted her claim by showing that an insolvent real estate mortgage investment conduit ("REMIC") sold the property to Lunn post-foreclosure. We agree with this aspect of the county's argument and hold that Lunn's purchase was a "forced sale" under R.C. 5713.04. We reverse the decision of the BTA because Lunn failed to overcome the presumption, arising under R.C. 5713.04, that the REMIC's postforeclosure sale was not indicative of the property's true value.

### Facts and Procedural History

{¶ 4} The auditor valued the subject property at $85,170 for tax year 2012. Lunn complained that its true value was $22,000—the price she paid for it in February 2011. In response to her complaint, appellee Elyria City Schools Board

---

[1] This former version of R.C. 5713.03 applies here because this case involves tax year 2012. *See Lowe's Home Ctrs., Inc. v. Washington Cty. Bd. of Revision*, 145 Ohio St.3d 375, 2016-Ohio-372, 49 N.E.3d 1266, ¶ 24.

of Education ("BOE") filed a countercomplaint seeking to retain the auditor's valuation.

**{¶ 5}** The BOR notified the parties that it would hold a hearing on their claims. Before the hearing, Lunn sent the BOR copies of several documents related to her purchase, including a parcel report from the auditor's website, a conveyance-fee statement, a partial settlement statement, a partial limited warranty deed, a partial purchase agreement, and documents related to the realtor's listing. Several of these documents indicated that she had purchased the property for $22,000 in February 2011.

**{¶ 6}** At the BOR hearing, a member of the board noted that Lunn had submitted documents concerning her purchase, and the attorney for the BOE acknowledged the documents and Lunn's $22,000 purchase. Although the BOE questioned the weight of Lunn's evidence, no party argued that it was inadmissible, and no one disputed that the February 2011 sale had occurred. Nevertheless, because neither Lunn nor her attorney attended the hearing, the BOR found that she had produced insufficient evidence to support her claim and retained the auditor's valuation.

**{¶ 7}** Lunn appealed to the BTA but did not file a brief or attend the BTA hearing. The county, however, presented the testimony of an expert witness, Paul B. Bellamy, J.D., Ph.D., who explained that Lunn had purchased the property in February 2011 from U.S. Bank, National Association, which sold it as trustee for a REMIC, and that the REMIC had acquired the property for $33,000 in January 2011 as a result of a sheriff's sale. He opined that the $22,000 sale to Lunn a month later did not represent the true value of the property for tax year 2012. He also said that based on restrictions created under federal tax laws, a REMIC cannot act as a "typical seller."

**{¶ 8}** The BTA, noting that the parties did not dispute the February 2011 sale price, reversed the BOR's decision and established $22,000 as the true value

of the property. The BTA stated that "[a]bsent an affirmative demonstration such sale is not a qualifying sale for tax valuation purposes, we find the existing record demonstrates that the transaction was recent, arm's-length, and constitutes the best indication of the subject's value as of [the] tax lien date."

**{¶ 9}** The county appealed to this court.[2]

### Analysis

*Lunn met her initial burden*

**{¶ 10}** Based on the nature of her claim, Lunn had to show that her purchase was both recent to the tax-lien date and arm's length in nature. *See* Am.Sub.H.B. No. 260, 140 Ohio Laws, Part II, at 2722; *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 90 Ohio St.3d 564, 566, 740 N.E.2d 276 (2001); *Snavely v. Erie Cty. Bd. of Revision*, 78 Ohio St.3d 500, 503, 678 N.E.2d 1373 (1997). If she could prove these facts and if they went unrebutted, the county would be required to treat the sale price as the property's true value for tax year 2012. *Cummins Property Servs., L.L.C. v. Franklin Cty. Bd. of Revision*, 117 Ohio St.3d 516, 2008-Ohio-1473, 885 N.E.2d 222, ¶ 13. Absent such a showing, however, the county was justified in rejecting the use of the sale price.

**{¶ 11}** The county does not dispute that Lunn's purchase of the property occurred within a reasonable length of time of the tax-lien date. The remaining factual question, therefore, is whether the sale occurred at arm's length "between a willing seller and a willing buyer." Am.Sub.H.B. No. 260, 140 Ohio Laws, Part II, at 2722. This court has held that "[a]n arm's-length sale is characterized by these elements: it is voluntary, *i.e.*, without compulsion or duress; it generally takes place

---

[2] The BOE filed an appellee brief urging this court to reverse the BTA's decision. Because the BOE did not file a notice of appeal and S.Ct.Prac.R. 16.03(B)(1) does not allow an appellee brief to seek reversal, we strike the BOE's brief sua sponte. *See Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 78 Ohio St.3d 325, 327, 677 N.E.2d 1197 (1997).

in an open market; and the parties act in their own self-interest." *Walters v. Knox Cty. Bd. of Revision*, 47 Ohio St.3d 23, 546 N.E.2d 932 (1989), syllabus.

{¶ 12} The BTA reduced the valuation because the parties did not dispute that Lunn had purchased the property for $22,000 and, according to the BTA, no evidence showed that the transaction was not at arm's length. The BTA, in effect, presumed that the sale had occurred at arm's length and required the county to prove otherwise. In its first proposition of law, the county challenges the BTA's application of that presumption, arguing that it cannot arise when the taxpayer fails to appear at the board-of-revision hearing to authenticate supporting documents and be subject to cross-examination.

{¶ 13} On appeal, we must decide whether the BTA's decision was "reasonable and lawful," R.C. 5717.04. Because the county's first proposition involves a judicially created presumption, it initially presents a legal issue that we consider de novo. *See Akron City School Dist. Bd. of Edn. v. Summit Cty. Bd. of Revision*, 139 Ohio St.3d 92, 2014-Ohio-1588, 9 N.E.3d 1004, ¶ 10-11. But we will defer to the BTA's findings concerning the weight of evidence so long as they are supported by the record. *Olmsted Falls Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 122 Ohio St.3d 134, 2009-Ohio-2461, 909 N.E.2d 597, ¶ 27.

{¶ 14} We have recognized a rebuttable presumption that a submitted sale price "has met all the requirements that characterize true value," including that the sale was made at arm's length. *Cincinnati*, 78 Ohio St.3d at 327, 677 N.E.2d 1197. To benefit from this presumption, the proponent of a sale must satisfy a relatively light initial burden and need not "definitive[ly] show[ ] * * * that no evidence controvert[s] the * * * arm's-length character of the sale." *Cummins*, 117 Ohio St.3d 516, 2008-Ohio-1473, 885 N.E.2d 222, at ¶ 41. Indeed, we have recognized the presumption when the proponent of a sale provided only a deed and conveyance-fee statement reflecting the sale, *see, e.g.*, *Worthington City Schools*

*Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 124 Ohio St.3d 27, 2009-Ohio-5932, 918 N.E.2d 972, ¶ 28, or just a deed and purchase agreement, *Cummins* at ¶ 7, 41.

{¶ 15} We hold that the BTA acted reasonably and lawfully when it presumed that Lunn's purchase occurred at arm's length, because Lunn met her initial burden with evidence of the sale. Lunn submitted to the BOR a parcel report from the auditor's website, a conveyance-fee statement, a partial settlement statement, a partial limited warranty deed, a partial purchase agreement, and documents relating to the listing of the property, which showed that she had purchased the property for $22,000 in February 2011. Although Lunn's documents were not authenticated by testimony, the Rules of Evidence do not strictly apply in administrative tax proceedings, *Orange City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 74 Ohio St.3d 415, 417, 659 N.E.2d 1223 (1996). And more significantly, neither the county nor the BOE objected to the evidence Lunn submitted. In fact, at no point during the proceedings below did the parties dispute that Lunn had paid $22,000 for the property in a recent sale.

{¶ 16} In so holding, we reject the county's proposition that a taxpayer-complainant must appear at the board-of-revision hearing to satisfy its initial burden. "How a party seeking a change in valuation attempts to meet its burden of proof before a board of revision is a matter for that party's judgment." *Snavely*, 78 Ohio St.3d at 503, 678 N.E.2d 1373. A party may elect not to appear at a board-of-revision hearing and instead rely on other evidence supporting its claim, although doing so risks a finding by the board that its evidence is inadmissible or unpersuasive. *See id.* That is not the case here, however, because no party challenged the admissibility of the evidence Lunn submitted, the BOR accepted it, and it met the minimum evidentiary threshold previously recognized by this court.

{¶ 17} Because Lunn met her initial burden, it was presumed that the sale "met all the requirements that characterize true value," *Cincinnati*, 78 Ohio St.3d at 327, 677 N.E.2d 1197. The BTA correctly found that it was the opposing parties'

burden to offer rebuttal evidence challenging the element of arm's-length character. *Cummins*, 117 Ohio St.3d 516, 2008-Ohio-1473, 885 N.E.2d 222, at ¶ 13. The county's efforts in that regard are at issue in the second and third propositions of law, which we address below.

*The county rebutted the arm's-length character of the sale*

**{¶ 18}** Because Lunn met her initial burden, her purchase price had to be accepted as the property's true value unless the county or BOE demonstrated a "reason to disregard the sale price as an indicator of value," *Dublin City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 118 Ohio St.3d 45, 2008-Ohio-1588, 885 N.E.2d 934, ¶ 16. To that end, the county presented evidence to the BTA concerning the seller (a REMIC) and circumstances surrounding the sale. The county contends that the sale was a forced sale under R.C. 5713.04.

**{¶ 19}** In general terms, a REMIC is an entity that issues mortgage-backed securities and has favorable pass-through federal tax status. *See* 26 U.S.C. 860A through 860G. As happened in this case, when a debt obligation held by a REMIC defaults, the REMIC may acquire real property through a sheriff's sale, *see* 26 U.S.C. 860G(a)(8). The Internal Revenue Code provides that a REMIC generally may hold title to foreclosed property without jeopardizing its status as a pass-through entity until the end of the third taxable year following the taxable year in which it acquired the property. *Id.*; 26 U.S.C. 856(e)(2). While holding real property, a REMIC must remain a passive owner and may not lease or improve the property. 26 U.S.C. 860G(a)(8) and 856(e)(4). The evidence shows that the REMIC at issue in this case was insolvent and sold the property to Lunn for $22,000 just one month after acquiring it at a sheriff's sale for $33,000.

**{¶ 20}** Although we have not previously considered whether a postforeclosure sale by a REMIC is a forced sale under R.C. 5713.04, we addressed similar circumstances in *Schwartz v. Cuyahoga Cty. Bd. of Revision*, 143 Ohio St.3d 496, 2015-Ohio-3431, 39 N.E.3d 1223, a case involving a postforeclosure sale from

the United States Department of Housing and Urban Development ("HUD"). In *Schwartz*, we held that "a sale of foreclosed property by HUD is generally regarded as a transaction that is not a voluntary sale between typically motivated market participants." *Id.* at ¶ 28. We noted that such a transaction is a forced sale under R.C. 5713.04 and that the "sale price is presumptively not evidence of the property's value." *Id.* at ¶ 28-29.

{¶ 21} We see no reason to treat this postforeclosure REMIC sale differently. To maintain its beneficial tax status, a REMIC must remain passive in its ownership of foreclosed property, and it ordinarily will be compelled to sell as quickly as possible. Here, the REMIC sold the property for $11,000 *less* than the price it had paid just a month earlier. Those "terms would likely be unacceptable to a typically motivated seller," *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 134 Ohio St.3d 529, 2012-Ohio-5680, 983 N.E.2d 1285, ¶ 31, and demonstrate an "atypical pressure to sell * * * that negates the arm's-length character of the transaction," *id.* at ¶ 30. The facts in this case lead us to conclude that the BTA acted unreasonably when it disregarded the county's evidence and failed to treat the postforeclosure sale as a forced sale under R.C. 5713.04.

{¶ 22} Because Lunn purchased the property through a forced sale, she had "the burden to prove that the sale was nevertheless an arm's-length transaction between typically motivated parties and should therefore be regarded as the best evidence of the property's value." *Olentangy Local Schools Bd. of Edn. v. Delaware Cty. Bd. of Revision*, 141 Ohio St.3d 243, 2014-Ohio-4723, 23 N.E.3d 1086, ¶ 43. Lunn presented nothing to support her claim besides the documents she sent the BOR, and those documents do not prove that the sale was arm's length in nature. She therefore failed to satisfy her "heavier burden," *id.*, to prove that the forced sale was indicative of the property's true value, and the BTA erred in setting the property's true value at $22,000.

**Conclusion**

{¶ 23} Although Lunn triggered a rebuttable presumption that her purchase of the subject property met all the requirements that characterize true value by presenting unchallenged evidence of the sale, the county successfully rebutted that presumption by showing that the transaction was a forced sale under R.C. 5713.04. At that point, a second rebuttable presumption arose, this time operating against Lunn. We reverse the decision of the BTA and reinstate the BOR's valuation because Lunn offered no evidence to overcome the presumption that the sale was not arm's length in nature.

Decision reversed.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

PFEIFER, J., dissents, with an opinion joined by O'NEILL, J.

_____

**PFEIFER, J., dissenting.**

{¶ 24} I would affirm the Board of Tax Appeals' determination that based on the record before it, the February 2011 sale of the subject property "was recent, arm's-length, and constitutes the best indication" of the property's value.

{¶ 25} Although expert witness Dr. Paul Bellamy testified that the sale to appellee Betty L. Lunn was not at arm's length, he did not testify concerning the proper valuation. Accordingly, I would defer to the next most recent sale, a mere month before Lunn purchased the property. That transaction involved a sheriff's sale that was open to the public and, therefore, available to any willing bidder. That is a better indication of value than the auditor's appraisal, which clearly does not take account of the fact that no one is willing to spend more than $33,000 to purchase the property.

{¶ 26} Accordingly, I dissent.

O'NEILL, J., concurs in the foregoing opinion.

_____

Dennis P. Will, Lorain County Prosecuting Attorney, and John P. Kilroy, Assistant Prosecuting Attorney, for appellants.

_____