[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Johnson v. Clark Cty. Bd. of Revision,* Slip Opinion No. 2018-Ohio-4390.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4390

JOHNSON, APPELLANT, *v*. CLARK COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Johnson v. Clark Cty. Bd. of Revision,* Slip Opinion No. 2018-Ohio-4390.]

*Taxation—Real-property valuation—Current-agricultural-use valuation—Board of Tax Appeals did not misapply burden of proof, improperly apply presumption of validity to county board of revision's decision, fail to properly consider property owner's evidence under owner-opinion rule, err in finding that county auditor complied with his duty to determine property's 2013 value, or err in finding that property owner failed to establish boundaries of portions of property for which he sought reduced valuation—Board of Tax Appeals' decision affirmed.*

(No. 2016-1549—Submitted July 17, 2018—Decided November 1, 2018.)

APPEAL from the Board of Tax Appeals, No. 2016-326.

_____

**Per Curiam.**

{¶ 1} In this real-property-valuation case, appellant, property owner William S. Johnson, who is pursuing this appeal pro se, challenges appellee Clark County auditor's determination of the current agricultural use valuation ("CAUV") for the subject property for tax year 2013. Appellee Clark County Board of Revision ("BOR") rejected Johnson's claims, and the Board of Tax Appeals ("BTA") affirmed the BOR's decision.

{¶ 2} Johnson has appealed and argues that the BTA misapplied the burden of proof, improperly applied a presumption of validity to the BOR's decision, and failed to properly consider his evidence under the owner-opinion rule. Johnson also contends that the BTA erred in finding that (1) the auditor complied with his duty to determine the property's 2013 value and (2) Johnson failed to establish the boundaries of the portions of the property for which he sought a reduced valuation. We find no merit in any of Johnson's arguments, and we therefore affirm the BTA's decision.

## I. BACKGROUND

{¶ 3} The property at issue consists of 154.61 acres, is operated as a farm, and qualifies for CAUV status. The property has been the focus of several prior CAUV complaints and appeals, both to the BTA and to the Second District Court of Appeals.

{¶ 4} For tax year 2013, the auditor determined the property's true market value to be $726,350 and its CAUV to be $457,250. Johnson challenged the CAUV.

## A. BOR proceedings

{¶ 5} At the BOR hearing, Johnson testified and elicited testimony from Chris Simpson, an employee of the Clark County Soil and Water Conservation District, and Shayne Gray, an employee of the auditor's office. Johnson also submitted photographs, excerpts from the tax commissioner's land-valuation

tables, CAUVs determined by the county for the subject property, and a self-prepared written statement purporting to convey Simpson's site-visit findings.

{¶ 6} The BOR rejected Johnson's claims, and he appealed to the BTA.

## B. BTA proceedings

{¶ 7} At the BTA hearing, Johnson testified and presented testimony from Gloria Gardner, an employee of the Department of Taxation, and introduced numerous exhibits. The BOR and the auditor (collectively, "the county") cross-examined Gardner and Johnson but did not present any independent evidence.

{¶ 8} The BTA made several findings relevant to Johnson's present appeal. The BTA found that the auditor "complied with his duties to record the basis for his valuation consistent with Ohio Admin.Code 5703-25-09," BTA No. 2016-326, 2016 WL 5348972, *3 (Sept. 20, 2016), distinguishing this appeal from *Johnson v. Clark Cty. Bd. of Revision*, 2d Dist. Clark No. 2013 CA 32, 2014-Ohio-329, ¶ 41 (finding, in a prior appeal relating to the property's taxable value for tax year 2010, that there was insufficient valuation information in the record and remanding the matter for the BOR to demonstrate how it had arrived at the property's CAUV and to make adjustments, if necessary). The BTA also found that Johnson failed to prove the specific boundaries of the portions of the property for which he seeks a reduced valuation. In addition, the BTA acknowledged that "Johnson appears to misunderstand the role that CAUV plays in the overall valuation" and "appears to [mistakenly] believe that every aspect of the property should be accorded a value based solely upon its ability to grow crops without consideration to any alternative use or basis for valuation." 2016 WL 5348972 at *4.

## II. STANDARD OF REVIEW

{¶ 9} On appeal, this court must determine whether the BTA's decision is both " 'reasonable and lawful.' " *Satullo v. Wilkins*, 111 Ohio St.3d 399, 2006-Ohio-5856, 856 N.E.2d 954, ¶ 14, quoting *Columbus City School Dist. Bd. of Edn. v. Zaino*, 90 Ohio St.3d 496, 497, 739 N.E.2d 783 (2001); R.C. 5717.04. In so

doing, we defer to the BTA's factual findings "if they are supported by reliable and probative evidence, and we afford deference to the BTA's determination of the credibility of witnesses and its weighing of the evidence subject only to an abuse-of-discretion review on appeal." *HealthSouth Corp. v. Testa*, 132 Ohio St.3d 55, 2012-Ohio-1871, 969 N.E.2d 232, ¶ 10. However, we "will not hesitate to reverse a BTA decision that is based on an incorrect legal conclusion." *Gahanna-Jefferson Local School Dist. Bd. of Edn. v. Zaino*, 93 Ohio St.3d 231, 232, 754 N.E.2d 789 (2001).

## III. ANALYSIS

### A. Current-Agricultural-Use Valuation

{¶ 10} Typically, real property is valued by the county auditor at its "true value in money," R.C. 5713.01(B), which "refers to 'the amount for which that property would sell on the open market by a willing seller to a willing buyer * * *, *i.e.,* the sales price.' " (Ellipsis sic.) *Terraza 8, L.L.C. v. Franklin Cty. Bd. of Revision*, 150 Ohio St.3d 527, 2017-Ohio-4415, 83 N.E.3d 916, ¶ 9, quoting *State ex rel. Park Invest. Co. v. Bd. of Tax Appeals*, 175 Ohio St. 410, 412, 195 N.E.2d 908 (1964).

{¶ 11} In 1974, however, the General Assembly enacted the CAUV statute, R.C. 5713.30 et seq., which permits owners of land that is devoted exclusively to agricultural use to request the auditor to value the property in accordance with its current agricultural use rather than its true market value. *Maralgate, L.L.C. v. Greene Cty. Bd. of Revision*, 130 Ohio St.3d 316, 2011-Ohio-5448, 958 N.E.2d 153, ¶ 13-14; *see also Adams v. Testa*, 152 Ohio St.3d 207, 2017-Ohio-8853, 94 N.E.3d 539, ¶ 6 ("agricultural land" includes "land upon which timber is grown that is part of or next to farmland"), citing R.C. 5713.30.

{¶ 12} CAUV is a preferred tax status because, in general, a value determined by agricultural use is lower than a property's true market value and therefore, CAUV status typically results in a lower real-property-tax liability.

*Renner v. Tuscarawas Cty. Bd. of Revision*, 59 Ohio St.3d 142, 572 N.E.2d 56 (1991). Land must qualify to be valued at its agricultural use, and if a CAUV parcel, or any portion thereof, is converted to another use or no longer satisfies the CAUV requirements, it is removed from CAUV status and returned to the tax rolls to be assessed at its true market value, and the county recoups the prior three years of the tax savings realized by the taxpayer. R.C. 5713.34.

**B. Johnson's arguments are unavailing**

{¶ 13} Johnson asserts four assignments of error, which actually raise five distinct arguments. Because Johnson's assignments of error are largely repetitive and overlapping, we discuss his arguments in a slightly different sequence than the one in which he presents them.

*1. The BTA correctly applied the burden of proof*

{¶ 14} In Johnson's view, the BTA misapplied the burden of proof because it failed to require the county to rebut his evidence and prove value. We disagree. It is well settled that "the party challenging the board of revision's decision at the BTA has the burden of proof to establish its proposed value as the value of the property." *Colonial Village, Ltd. v. Washington Cty. Bd. of Revision*, 123 Ohio St.3d 268, 2009-Ohio-4975, 915 N.E.2d 1196, ¶ 23.

{¶ 15} To meet that burden, the challenging party "must come forward and demonstrate that the value it advocates is a correct value." *EOP-BP Tower, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 1, 2005-Ohio-3096, 829 N.E.2d 686, ¶ 6. When the challenging party fails to sustain this burden at the BTA, the county "bears no burden to offer proof of the accuracy of the appraisal on which the county initially relies" and "the BTA is justified in retaining the county's valuation of the property." *Colonial Village* at ¶ 23.

{¶ 16} As the party challenging the BOR's decision before the BTA, Johnson had the burden to prove that the decrease in value he sought was correct. And, in contrast, the county, as appellees, had no burden to prove value, be that the

auditor's assessed value or some other value. *Id.*; *see also Simmons v. Cuyahoga Cty. Bd. of Revision*, 81 Ohio St.3d 47, 49, 689 N.E.2d 22 (1998) (if the BTA rejects the evidence presented to it and is unable to independently determine value, it may approve the board of revision's valuation without the board of revision's presenting any evidence).

{¶ 17} Thus, we reject Johnson's burden-of-proof argument.

*2. The BTA did not presume the validity of the BOR's decision*

{¶ 18} Johnson also contends that the BTA improperly applied a presumption of validity to the BOR's decision. In support of this argument, Johnson points to the BTA's failure to require the county to rebut his evidence and prove value.

{¶ 19} To be sure, decisions of boards of revision should not be accorded a presumption of validity. *Colonial Village, Ltd. v. Washington Cty. Bd. of Revision*, 114 Ohio St.3d 493, 2007-Ohio-4641, 873 N.E.2d 298, ¶ 23. Rather, the BTA is charged with the responsibility of independently determining value based on evidence that it finds competent and probative. *Id.* When the BTA has failed to independently evaluate the evidence, we have remanded with instructions that it do so. *See, e.g.*, *Vandalia-Butler City Schools Bd. of Edn. v. Montgomery Cty. Bd. of Revision*, 130 Ohio St.3d 291, 2011-Ohio-5078, 958 N.E.2d 131, ¶ 14 ("even though the BTA itself was unpersuaded by the evidence, it adopted the [board of revision's] reduction of value on the grounds that the [board of revision] was persuaded" [emphasis deleted], and "[t]hat constitutes the very deference that the case law prohibits").

{¶ 20} But in this case, the BTA's decision reflects that it analyzed and rejected Johnson's evidence, without deferring to the BOR's decision. Accordingly, we reject Johnson's presumption-of-validity argument.

*3. An owner's opinion of value is competent evidence, but the BTA has discretion to determine its probative weight*

**{¶ 21}** Johnson insists that pursuant to the owner-opinion rule, the evidence he introduced is reliable and probative and thereby satisfied his burden on appeal. It is true that the owner-opinion rule provides an exception to the general rule that only an expert may express an opinion of value. *Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 140 Ohio St.3d 248, 2014-Ohio-3620, 17 N.E.3d 537, ¶ 18. And "Ohio law has long recognized that an owner of either real or personal property is, by virtue of such ownership, competent to testify as to the market value of the property." *Smith v. Padgett*, 32 Ohio St.3d 344, 347, 513 N.E.2d 737 (1987). Indeed, this court has recognized this rule in the context of valuing real property for tax purposes. *Amsdell v. Cuyahoga Cty. Bd. of Revision*, 69 Ohio St.3d 572, 574, 635 N.E.2d 11 (1994).

**{¶ 22}** But Johnson overstates the breadth of the owner-opinion rule. "Important in the owner-opinion rule * * * is that the owner qualifies primarily as a fact witness giving information about his or her own property * * *." *Worthington City Schools* at ¶ 19. The BTA, as the finder of fact, "is vested with wide discretion in determining the weight to be given to evidence and the credibility of witnesses which come before [it]." *Cardinal Fed. S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision*, 44 Ohio St.2d 13, 336 N.E.2d 433 (1975), paragraph three of the syllabus. And "there is no requirement that the finder of fact accept [the owner's value] as the true value of the property." *WJJK Invests., Inc. v. Licking Cty. Bd. of Revision*, 76 Ohio St.3d 29, 32, 665 N.E.2d 1111 (1996).

**{¶ 23}** Under the owner-opinion rule, Johnson's opinion of the subject property's market value is competent evidence, but that opinion is not controlling because the BTA determines the credibility of witnesses who come before it, *Cardinal Fed. S. & L. Assn.* at paragraphs two and three of the syllabus. In this case, the BTA performed its duty to evaluate Johnson's testimony and found that it

was not probative. The BTA's finding is reasonable and lawful, and Johnson has not identified any abuse of discretion.

{¶ 24} Accordingly, Johnson's owner-opinion-rule argument is not well taken.

*4. Johnson has not shown error in the BTA's finding that the auditor complied with his statutory duties to determine the property's 2013 value*

{¶ 25} Johnson also argues that the BTA erred by finding that the auditor complied with his duty to determine the property's 2013 value. *See* Ohio Adm.Code 5703-25-09. Johnson asserts that the auditor's valuation violates R.C. 5713.31 and Ohio Adm.Code 5703-25-34(K); however, he does not cite evidence in the record and does not further explain these alleged violations.

{¶ 26} The authorities cited by both the BTA and Johnson all relate to the auditor's duty to record certain valuation information on real-property-record cards. *See* R.C. 5713.31; Ohio Adm.Code 5703-25-34(K) and 5703-25-09.

{¶ 27} In this case, the subject's property-record card contains information relating both to its true market value and to its CAUV. Further, the record contains several spreadsheets detailing the auditor's valuation calculations for the property for tax years 2010 through 2014. The tax-year-2013 spreadsheet contains the following valuation information: land uses, soil types, valuation rates, number of acres, agricultural values, rounded agricultural values, assessed and taxable values, and the amount of tax due and paid. The spreadsheet also reflects an adjustment to the initial valuation and indicates that a corresponding refund was issued.

{¶ 28} In relying on this information, the BTA reasonably and lawfully found that the auditor complied with his duty to determine the property's 2013 value. And Johnson offers no explanation of how the BTA's finding on this point is in error. We find no obvious error, and it is not our role to develop Johnson's argument for him. *See In re Application of Columbus S. Power Co.*, 129 Ohio St.3d 271, 2011-Ohio-2368, 951 N.E.2d 751, ¶ 19.

**{¶ 29}** On this record, we reject Johnson's argument that the BTA erred in finding that the auditor complied with his duty to determine the property's 2013 value.

*5. The BTA reasonably determined that Johnson failed to show the boundaries of the portions of the 154.61-acre CAUV parcel that are at issue*

**{¶ 30}** Finally, Johnson argues that because he "determine[d] [the] acreage assigned to each soil usage," the BTA erred in finding that he failed to establish the boundaries of the areas for which he seeks a reduced valuation. But we reject Johnson's argument on this point, because "acreage" and "boundaries" do not have the same meaning.

**{¶ 31}** "[B]oundary" is defined as "something that indicates or fixes a limit or extent: something that marks a bound (as of a territory or a playing field): a bounding or separating line." *Webster's Third New International Dictionary* 260 (2002). By contrast, "acreage" is a form of measurement, defined as "area in acres." *Id.* at 19.

**{¶ 32}** As discussed above, CAUV status is a preferred tax status and land must qualify to be valued in this manner. The auditor's determination of a CAUV for qualifying lands begins with the "delineation of the *boundaries* of the farm or tract." (Emphasis added.) Ohio Adm.Code 5703-25-34(D). In this case, Johnson contests the valuation of only certain portions of the CAUV parcel's 154.61 acres and suggests acreage amounts that he determined for those portions that do not comport with the county's 2013 tax-valuation spreadsheet information. But because a CAUV "depends so intimately on the exact land under review," *Renner*, 59 Ohio St.3d at 145, 572 N.E.2d 56, Johnson had a duty to prove the exact boundaries of the portions of land for which he sought a reduced valuation.

**{¶ 33}** Thus, regardless of whether Johnson proved the *acreage* of the areas at issue, it was both reasonable and lawful for the BTA to find that he did not prove the specific *boundaries* of each of those areas.

**{¶ 34}** Accordingly, we reject Johnson's acreage argument.

## IV. CONCLUSION

**{¶ 35}** For the foregoing reasons, we affirm the decision of the BTA.

Decision affirmed.

O'CONNOR, C.J., and FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

O'DONNELL and KENNEDY, JJ., concur in judgment only.

_____

William S. Johnson, pro se.

D. Andrew Wilson, Clark County Prosecuting Attorney, and William D. Hoffman, Assistant Prosecuting Attorney, for appellees Clark County Board of Revision and Clark County Auditor.

_____