[Cite as *MP 11868 Clifton, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 2023-Ohio-4647.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

MP 11868 CLIFTON, LLC,       :

      Plaintiff- Appellant,       :

           No. 112444

           v.       :

CUYAHOGA COUNTY BOARD OF       :
REVISION, ET AL.,

                            :

      Defendants-Appellees.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 21, 2023

---

Administrative Appeal from the Board of Tax Appeals
Case No. 2020-837

---

### *Appearances:*

Sleggs, Danzinger & Gill Co., LPA, and Todd W. Sleggs, *for appellant*.

Brindza McIntyre & Seed LLP, Robert A. Brindza, Daniel McIntyre, David H. Seed, and David A. Rose, *for appellee* Lakewood City School District Board of Eduction.

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} This appeal concerns the value of an apartment building owned by appellant MP 11868 Clifton, LLC ("appellant") for tax year 2018. Appellant appealed

the value of the property assessed by the Cuyahoga County Fiscal Officer first to the Cuyahoga County Board of Revision ("BOR") and subsequently to the Board of Tax Appeals ("BTA"). The BTA retained the value assessed by the fiscal officer due to appellant's failure to meet its burden of proof for the decrease in value it sought. After a review of the record and applicable law, we conclude the BTA's decision is neither unlawful nor unreasonable and, therefore, affirm its decision.

{¶ 2} The subject property is a four-story, 27-unit apartment building at 11868 Clifton Boulevard, Lakewood, Ohio. Appellant purchased the property on December 30, 2015, for $550,000. For tax year 2018, the County Fiscal Officer valued the property at $1,020,200. Appellant filed a complaint with the BOR seeking a value of $550,000, citing the 2015 sale. The Board of Education for the Lakewood City School District ("BOE") filed a countercomplaint seeking to retain the fiscal officer's value of $1,020,200. The BOR heard the matter on May 22, 2022.

{¶ 3} At the hearing, Michael Priore, the president and managing member of appellant MP 11868 Clifton LLC, testified that after appellant purchased the property, it replaced all the windows of the building at a cost of $50,000 to $60,000, repainted and recarpeted all the hallways and stairwells, and installed new light fixtures in the common areas. Appellant also purchased new appliances for all the units, installed new landscaping for the building, and built a gazebo. Priore estimated appellant spent $100,000 on the building since purchasing it, and the majority of the work was done before January 1, 2018.

{¶ 4} The BOR issued a decision retaining the value of $1,020,200 assessed by the fiscal officer because the 2015 sale relied on by appellant was over 24 months from the tax-lien date. Appellant appealed the decision to the BTA.

{¶ 5} The BTA held a hearing on the appeal. At the hearing, Priore testified that he has 35 years of experience in buying and selling as well as operating apartment buildings in the Greater Cleveland area. He testified that appellant purchased another apartment building from the same seller in 2016 and the instant property was sold to appellant in 2015 because the seller wished to have the capital gains realized in two separate tax years. He testified that he had purchased several other similar apartment buildings in the adjacent area and the sale prices of these properties were consistent. He testified that the market did not change regarding the value of the real estates in the immediate area between the date of sale and the tax-lien date. He also testified the improvements appellant made were part of normal efforts to maintain the property and did not change of value of the property between those two dates.

{¶ 6} The BTA retained the County Fiscal Officer's value of the property on the ground that appellant failed to meet the burden of providing probative evidence for the value of $550,000 it sought. Appellant now appeals from the BTA's decision, raising the following three assignments of error for our review:

> The Board of Tax Appeals decision and order rejecting the uncontested sale evidence in the record in valuing the Appellant's property is unreasonable and unlawful.

The Board of Tax Appeals finding that the Appellant's normal efforts to maintain the property rendered the sale remote from the tax lien date is unreasonable and unlawful.

The Board of Tax Appeals rigid application of the 24 month rule and rejection of Appellant's evidence of other property acquired in the immediate area is unreasonable and unlawful.

{¶ 7} For ease of discussion, we address the assignments of error jointly.

**Standard of Review**

{¶ 8} It is well established that "[a] party seeking an increase or decrease in valuation bears the burden of proof before a board of revision." *Snavely v. Erie Cty. Bd. of Revision*, 78 Ohio St.3d 500, 503, 678 N.E.2d 1373 (1997). When cases are appealed to the BTA, the burden of proof is similarly on the appellant to prove its right to an increase or a decrease from the value determined by the board of revision. *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 90 Ohio St.3d 564, 566, 740 N.E.2d 276 (2001). *See also Shinkle v. Ashtabula Cty. Bd. of Revision*, 135 Ohio St.3d 227, 2013-Ohio-397, 985 N.E.2d 1243, ¶ 24 (When cases are appealed from a board of revision to the BTA, the burden is on the appellant to come forward and demonstrate that the value it advocates is the true value.). To meet that burden, the appellant before the BTA "must present competent and probative evidence to make its case." *Columbus City School Dist.* at 566.

{¶ 9} This court, in reviewing a BTA decision, looks to see if that decision was "reasonable and lawful." R.C. 5717.04; *Columbus City School Dist. Bd. of Edn. v. Zaino,* 90 Ohio St.3d 496, 497, 739 N.E.2d 783 (2001) (We review BTA decisions only to determine whether they are reasonable and lawful.). We review legal

questions de novo but "defer to the BTA's findings concerning the weight of evidence so long as they are supported by the record." *Lunn v. Lorain Cty. Bd. of Revision*, 149 Ohio St.3d 137, 2016-Ohio-8075, 73 N.E.3d 486, ¶ 13. As the Supreme Court of Ohio instructed:

> The true value of property is a "question of fact, the determination of which is primarily within the province of the taxing authorities," and accordingly, we "will not disturb a decision of the Board of Tax Appeals with respect to such valuation unless it affirmatively appears from the record that such decision is unreasonable or unlawful."

*Akron City School Dist. Bd. of Edn. v. Summit Cty. Bd. of Revision*, 139 Ohio St.3d 92, 2014-Ohio-1588, 9 N.E.3d 1004, ¶ 9, quoting *Cuyahoga Cty. Bd. of Revision v. Fodor*, 15 Ohio St.2d 52, 239 N.E.2d 25 (1968), syllabus.

**Recent Sale as Best Evidence of Value**

{¶ 10} Ohio law has long held that "the best evidence of 'true value in money' of real property is an actual, recent sale of the property in an arm's-length transaction." *Conalco v. Monroe Cty. Bd. of Revision*, 50 Ohio St.2d 129, 363 N.E.2d 722 (1977). Appellant here relies on the December 30, 2015 sale of the subject property in seeking a reduction of its value from $1,020,200 to $550,000 in January 1, 2018. It is undisputed that the 2015 sale was an arm's-length sale. The BTA rejected the sale, finding the significant and extensive improvements made to the property between the date of sale and the tax-lien date rendered the 2015 sale too remote to be indicative of the property's value on the tax-lien date.

{¶ 11} A sale is considered "recent" if it is made within a reasonable length of time of the tax-lien date. *Health Care REIT, Inc. v. Cuyahoga Cty. Bd. of Revision*,

140 Ohio St.3d 30, 2014-Ohio-2574, 14 N.E.3d 1009, ¶ 22. Recency "encompasses all factors that would, by changing with the passage of time, affect the value of the property." *Cummins Property Servs., L.L.C. v. Franklin Cty. Bd. of Revision*, 117 Ohio St.3d 516, 2008-Ohio-1473, 885 N.E.2d 222, ¶ 35. "A proper factor to consider in the analysis is temporal proximity — that is, the elapsed time between the sale date and the tax-lien date." *Hilliard City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 154 Ohio St.3d 449, 2018-Ohio-2046, 114 N.E.3d 1185, ¶ 19

{¶ 12} There is, however, no bright-line test to establish when a sale is sufficiently close to the tax-lien date to be presumed recent. *Akron City School Dist. Bd. of Edn.,* 2014-Ohio-1588, at ¶ 13. Moreover, temporal proximity, "'is not the sole factor affecting recency.'" *Emerson v. Erie Cty. Bd. of Revision*, 149 Ohio St.3d 148, 2017-Ohio-865, 73 N.E.3d 496, ¶ 9, quoting *Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 124 Ohio St.3d 27, 2009-Ohio-5932, 918 N.E.2d 972, ¶ 32. These factors include factors such as "general developments in the marketplace" and "conditions that are specific to the property itself." *Cummins Property Servs*. at ¶ 35.

**The BTA's Decision Is Neither Unlawful nor Unreasonable**

{¶ 13} Appellant bears the burden to prove the reduction in value it sought. To prove its claim that the property should be valued at $550,000 on January 1, 2018, appellant cited the December 30, 2015 sale of the property at $550,000 and the property owner's testimony that the market did not change between the date of sale and the tax-lien date.

{¶ 14} Appellant claims the BTA erroneously applied a 24-month rule in finding the 2015 sale not a recent sale. Our review indicates that, while the BOR rejected the 2015 sale because it predated the tax-lien date by more than 24 months, the BTA did not apply the rule, contrary to appellant's assertion. Rather, the BTA stated in its decision that the Supreme Court of Ohio has been clear that there is no bright-line recency rule and whether a sale is "recent" is not decided exclusively on temporal proximity alone but involves factors such as the general developments in the marketplace and conditions that are specific to the property. The BTA found that significant work was done to improve the conditions of the subject building between the date of sale and the tax-lien date and the changes were sufficiently significant to render the 2015 sale remote for purposes of valuation on the tax-lien date.

{¶ 15} Furthermore, while a property owner is competent to testify as to the market value of the property, *Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 140 Ohio St.3d 248, 2014-Ohio-3620, 17 N.E.3d 537, ¶ 19, the BTA is not required to accept the owner's opinion of value. *Johnson v. Clark Cty. Bd. of Revision*, 155 Ohio St.3d 264, 2018-Ohio-4390, 120 N.E.3d 823, ¶ 22-23 (the owner's opinion of value is not controlling because the BTA determines the weight to be given to the evidence and the credibility of witnesses). Moreover, Priore's testimony went beyond the value of the subject property when he testified that the market did not change during the relevant period; as the BTA noted, the information provided by the property owner regarding valuation of similar properties in the area

is not a substitute for an appraisal prepared by a person with knowledge of the market and expertise.

{¶ 16} As the party challenging the BOR's decision before the BTA, appellant had the burden to prove by competent and probative evidence its right to a decrease in value from $1,020,200 to $550,000. When "the BTA rejects the evidence presented to it and is unable to independently determine value, it may approve the board of revision's valuation without the board of revision's presenting any evidence." *Johnson* at ¶ 16, citing *Simmons v. Cuyahoga Cty. Bd. of Revision*, 81 Ohio St.3d 47, 49, 689 N.E.2d 22 (1998). Our review indicates the BTA's determination that appellant failed to meet its burden of providing probative evidence for the value it sought is neither unlawful nor unreasonable. We therefore affirm its decision retaining the value of the property as assessed by the County Fiscal Officer. Appellant's first, second, and third assignments of error are without merit.

{¶ 17} Judgment affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Board of Tax Appeals to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
EMANUELLA D. GROVES, J., CONCUR