[Cite as *Lake Cove Apts., L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 2024-Ohio-466.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

LAKE COVE APARTMENTS LLC,
ET AL.,                                      :

                                             :

        Plaintiffs-Appellants,

                                             :        Nos. 112583 and 112584

        v.

CUYAHOGA COUNTY BOARD                        :
OF REVISION, ET AL.,

        Defendants-Appellees.       :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 8, 2024

---

Administrative Appeal from the Board of Tax Appeals
Case Nos. 2020-849 and 2020-850

---

### *Appearances:*

Todd W. Sleggs, *for appellants.*

Brindza McIntyre & Seed, LLP, Robert A. Brindza, Daniel McIntyre, David H. Seed, and David A. Rose, *for appellees.*

KATHLEEN ANN KEOUGH, A.J.:

{¶ 1} In this consolidated appeal, Alexander Apartments, LLC, ("Alexander") and Lake Cove Apartments, LLC, ("Lake Cove") (collectively "appellants") appeal the consolidated decision of the Board of Tax Appeals ("BTA")

regarding the value of Alexander and Lake Cove for tax year 2018. After a review of the record and applicable law, this court concludes that the BTA's decision is neither unlawful nor unreasonable and, therefore, affirms its decision.

{¶ 2} Alexander and Lake Cove are apartment complex buildings located adjacent to each other in Lakewood, Ohio. The properties were purchased for $2,364,971 on April 2, 2018, in a combined sale. For tax year 2018, the County Fiscal Officer valued Alexander at $1,595,300 and Lake Cove at $1,944,000. Alexander filed a complaint with the Board of Revision ("BOR") seeking a value of $930,280, and Lake Cove filed a complaint with the BOR seeking a value of $1,186,690. Both complaints cited to the April 2, 2018 sale in support and calculated a reduction in the value based on the personal property included in the April sale of the buildings. The Board of Education for the Lakewood City School District ("the school district") filed a countercomplaint seeking to retain the fiscal officer's values.

{¶ 3} The BOR consolidated the complaints for hearing purposes and heard the matter on May 22, 2020. Appellants amended the requested value for Alexander to $961,020, and for Lake Cove to $1,227,970. Counsel for appellants provided an overview of the documents submitted in support of the appeal. Specific to this appeal, counsel noted that he submitted the purchase agreement for each property. At the hearing, Michael Priore, the owner of Windsor Realty and Management and managing member of both Alexander and Lake Cove, testified that the total purchase price of Alexander and Lake Cove included the purchase of the real property and personal property, i.e., furniture fixtures, equipment, and appliances

in the apartment units. He stated that he "booked" $3,000 to account for the personal property in each unit.

{¶ 4} The hearing centered around the reduction appellants sought for the value of the personal property included in the sale of the apartment complexes. Alexander requested a reduction of $76,462.73 for the personal property, and Lake Cove requested a personal property reduction of $97,702.38. Counsel for appellants explained that he calculated the values by taking the gross purchase price of $2,364,971 and "deducted for $3,000 per unit for personal property, and that gave us a value of $26,695 per unit, and then we multiplied that by the units for each of the properties" — 36 units for Alexander; 46 units for Lake Cove. (BOR tr. 14.)

{¶ 5} Counsel for the school district questioned Priore as to why he assessed $3,000 per unit for personal property. Priore stated that Alexander consists of 36 units, with 5 being two-bedroom units, whereas Lake Cove consists of 46 one-bedroom units. He stated that monthly rent for the units ranged from $450 to $800. Regarding amenities, Priore stated that Alexander has forced heating and cooling in the building, but only some of the Lake Cove units have removable window air conditioning units. He stated that all of the units have stoves and refrigerators, but only some have dishwashers, and the newly updated units have newer appliances, including microwaves. Priore explained further that the personal property also included lawnmowers, snowblowers, and washers and dryers in each building.

{¶ 6} BOR Hearing Officer Smith asked Priore if any of the submitted documentation supported his $3,000 assessment for personal property for each

unit, especially considering that Priore testified that not every unit contained the same type of personal property. Smith clarified, "[T]hat's the document that * * * we don't have, if you will, an inventory of what was included in the personal property." Appellants' counsel indicated that he could provide the BOR a general ledger.

{¶ 7} BOR Hearing Officer Kollin inquired further about "who determined the reduction of $3,000 per unit?" Priore responded that the value was determined when he reviewed the inventory with his accountants and they created the original balance sheets. He agreed that the valuation of personal property "was done solely on the buyer's end," and admitted that he did not provide the BOR with "any supporting documents as to how those numbers were arrived at." (BOR tr. 17.)

{¶ 8} The BOR issued a decision on each complaint. Regarding Alexander, the BOR reduced the fiscal officer's value by $558,500, reflecting a new value of $1,036,800. The BOR noted that

> [t]he subject parcel allocation of the sale price is $961,020 allowing for a reduction for personal property included in the apartments ($3,000 per unit). No evidence of how personal property was valued was provided. Evidence provided included Myplace info, purchase agreement, MSL printout, settlement statement, and BTA legal decision. Based on the testimony and evidence, the Board finds a reduction is supported. Value rounded.

{¶ 9} Regarding Lake Cove, the BOR also reduced the fiscal officer's value by $619,200, reflecting a new value of $1,324,800. The BOR made the same conclusion that although Lake Cove's complaint allowed for a $3,000 per unit reduction based on personal property in the units, Lake Cove did not present any

evidence of how the personal property was valued. Nevertheless, the BOR concluded that the testimony and evidence supported a reduction.

{¶ 10} Appellants appealed these decisions to the BTA. In their appeal, appellants requested that the BTA reduce the BOR value for Alexander by $74,462.73, for a value of $960,337.27; and for Lake Cove, a reduction of $97,702.38, for a value of $1,227,100. The requested reductions accounted for the value of personal property appellants attributed to each building.

{¶ 11} The BTA held a separate hearing on each appeal. Regarding Alexander, appellants' counsel explained that based on the BOR's decision that appellant did not adequately support the requested personal property reduction, he provided as an exhibit "the general ledger entries when the property was originally purchased, reflecting how appliances and non[-real estate] items were booked as part of the transaction." (BTA tr. 6.) The exhibit was a single sheet of paper that listed "appliances" and then assessed $76,462.73 under the heading "tax cost." (BTA exhibit A.) Priore testified that this exhibit was from his accounting software, and in his opinion, reflected the value of the appliances and personal property purchased in the 2018 sale.

{¶ 12} Regarding Lake Cove, counsel explained that based on the BOR's decision that appellant did not adequately support the requested personal property reduction, he provided as an exhibit a printout from Priore's accounting software showing the "amount of money that was booked for the value of the appliances in the apartment building" relative to the 2018 sale. (BTA exhibit A.) The exhibit was

a single sheet of paper that listed "appliances" and then assessed $97,702.38 under the heading "tax cost." Priore opined that this value accurately reflected the value of the personal property in the 2018 sale.

{¶ 13} On March 6, 2023, the BTA issued a consolidated decision. It found that appellants failed to meet their burden of providing probative evidence that the 2018 sale price should be reduced by their allocation of personal property. The BTA, therefore, rejected the BOR's valuation because the deduction that the BOR assigned to each property was unsupported and could not be replicated. Nevertheless, the BTA noted that the 2018 sale price of the properties — $2,364,971— was unrebutted and thus, it allocated the value to the individual parcels by using the ratio derived from the fiscal officer's valuation. Accordingly, the BTA reduced the fiscal officer's value and ordered for tax year 2018 a value of $1,065,980 for Alexander and $1,298,990 for Lake Cove.

{¶ 14} Appellants now appeal, raising two assignments of error that will be addressed together.

## I.    The Appeal

{¶ 15} In their first and second assignments of error, appellants contend that the BTA decision is unreasonable and unlawful because it failed to accept the property owner's opinion and value of personal property and thus, failed to deduct the value of personal property that transferred as part of the April 2, 2018 sale of the property.

{¶ 16} It is well established that "[a] party seeking an increase or decrease in valuation bears the burden of proof before a board of revision." *Snavely v. Erie Cty. Bd. of Revision*, 78 Ohio St.3d 500, 503, 678 N.E.2d 1373 (1997). When cases are appealed to the BTA, the burden of proof is similarly on the appellant to prove its right to an increase or a decrease from the value determined by the board of revision. *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 90 Ohio St.3d 564, 566, 740 N.E.2d 276 (2001); s*ee also Shinkle v. Ashtabula Cty. Bd. of Revision*, 135 Ohio St.3d 227, 2013-Ohio-397, 985 N.E.2d 1243, ¶ 24 (When cases are appealed from a board of revision to the BTA, the burden is on the appellant to come forward and demonstrate that the value it advocates is the true value.). To meet that burden, the appellant "must present competent and probative evidence to make its case." *Columbus City School Dist*. at 566.

{¶ 17} This court, in reviewing a BTA decision, looks to see if that decision was "reasonable and lawful." R.C. 5717.04; *Columbus City School Dist. Bd. of Edn. v. Zaino*, 90 Ohio St.3d 496, 497, 739 N.E.2d 783 (2001). We review legal questions de novo but "defer to the BTA's findings concerning the weight of evidence so long as they are supported by the record." *Lunn v. Lorain Cty. Bd. of Revision*, 149 Ohio St.3d 137, 2016-Ohio-8075, 73 N.E.3d 486, ¶ 13. As the Supreme Court of Ohio instructed:

> [t]he true value of property is a "question of fact, the determination of which is primarily within the province of the taxing authorities," and accordingly, we "will not disturb a decision of the Board of Tax Appeals with respect to such valuation unless it affirmatively appears from the record that such decision is unreasonable or unlawful."

*Akron City School Dist. Bd. of Edn. v. Summit Cty. Bd. of Revision*, 139 Ohio St.3d 92, 2014-Ohio-1588, 9 N.E.3d 1004, ¶ 9, quoting *Cuyahoga Cty. Bd. of Revision v. Fodor*, 15 Ohio St.2d 52, 239 N.E.2d 25 (1968), syllabus.

{¶ 18} Appellants contend that the property owner's testimony is competent and probative evidence to sustain their burden of proving a reduction for personal property that was included in the sale of the buildings. Accordingly, appellants contend the BTA's rejection of Priore's testimony and opinion of value for the personal property was unreasonable and unlawful.

{¶ 19} Appellants are correct that an owner is permitted to provide an opinion of the subject property's worth. *Smith v. Padgett*, 32 Ohio St.3d 344, 347, 513 N.E.2d 737 (1987); *Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 140 Ohio St.3d 248, 2014-Ohio-3620, 17 N.E.3d 537, ¶ 19. In order for such opinion to be considered probative, however, it must be supported with tangible evidence of a property's value. *See generally Amsdell v. Cuyahoga Cty. Bd. of Revision*, 69 Ohio St.3d 572, 635 N.E.2d 11 (1994). Moreover, the BTA is not required to accept the owner's opinion of that value. *See MP 11868 Clifton, LLC v. Cuyahoga Cty. Bd. Of Revision*, 8th Dist. Cuyahoga No. 112444, 2023-Ohio-4647, ¶ 15, citing *Johnson v. Clark Cty. Bd. of Revision*, 155 Ohio St.3d 264, 2018-Ohio-4390, 120 N.E.3d 823, ¶ 22-23 (the owner's opinion of value is not controlling because the BTA determines the weight to be given to the evidence and the credibility of witnesses).

{¶ 20} In this case, the BTA concluded that appellants failed to prove the value of the personal property included in the sale to justify the requested deduction on the value of the buildings. Specifically, the BTA noted that the tax assessment documents that Priore and his accountants prepared were not probative evidence because no testimony was provided regarding why the document was created, what it was used for, and if it was included in tax returns. The BTA also found that Priore failed to explain how he calculated a deduction of $3,000 per unit for personal property or why each unit in both buildings was assessed the same value. We agree.

{¶ 21} The testimony before the BOR and the BTA revealed that appellants valued each unit in both buildings at $26,695. Based on the evidence, all units were valued the same despite each building offering different amenities — forced air in Alexander versus only some units in Lake Cove with window air conditioning, and Alexander offering two-bedroom units. Moreover, each unit in each building also offered different fixtures — while all had stoves and refrigerators, some had dishwashers and microwaves. Additionally, some of the units had been newly renovated with updated appliances. We find that arbitrarily assigning a fixed unit value without any supporting documentation does not satisfy the appellants' burden of proving the requested reduction in value.

{¶ 22} When real property is the subject of a sale and the sale involves an incidental transfer of tangible or intangible personal property, the proponent of allocating a portion of the sale price to assets other than the realty "'bears an initial burden of showing the propriety of the allocation.'" *Olentangy Local Schools Bd. of*

*Edn. v. Delaware Cty. Bd. of Revision*, 125 Ohio St.3d 103, 2010-Ohio-1040, 926 N.E.2d 302, ¶ 24, quoting *St. Bernard Self-Storage, L.L.C. v. Hamilton Cty. Bd. of Revision*, 115 Ohio St.3d 365, 2007-Ohio-5249, 875 N.E.2d 85, ¶ 14. The applicable standard is whether the record contains "corroborating indicia" or "best available evidence" that supports an allocation of the aggregate purchase price. *St. Bernard Self Storage* at ¶ 17 ("In bulk-sale cases, we typically look for corroborating indicia to ensure that the allocation reflects the true value of the property"); *Hilliard City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 128 Ohio St.3d 565, 2011-Ohio-2258, 949 N.E.2d 1, ¶ 18, 27 (using "best available evidence" in the form of a bank appraisal of personal property to determine allocation of asset purchase price to the personal property).

{¶ 23} Appellants were aware that the BOR questioned their determination of amounts assessed for the personal property that was transferred in the April 2, 2018 sale. In support of their appeal to the BOR, appellants provide the Purchase Agreements for both properties. The Purchase Agreements, under "Assets," noted that the conveyance included both real and personal property and that a schedule of assets, including the "personal property," was "attached hereto and incorporated by reference" into the Purchase Agreement. Appellants did not provide that schedule or attachment to the BTA to remedy the concerns raised by the BOR and to support their requested reduction. Instead, appellants provided a tax asset summary that only provided the total price of the deduction requested. The personal property listed and incorporated into the Purchase Agreement was possibly the

"corroborating indicia" or the "best evidence available" to support appellants' requested deduction and valuation.

{¶ 24} As the party challenging the BOR's decision before the BTA, appellants had the burden to prove by competent and probative evidence their right to decrease the value of the properties due to a transfer of personal property included in the 2018 sale. Based on the record before this court, the BTA's determination that appellants failed to meet their burden of providing probative evidence for the value requested is neither unreasonable nor unlawful. The assignments of error are overruled.

{¶ 25} Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Board of Tax Appeals to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

EMANUELLA D. GROVES, J., and
MARY J. BOYLE, J., CONCUR